**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **VAUGHN SNIDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 15-1182-JTM** |
| | ) | |
| **AMY BURTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's motion to proceed without prepayment of fees (Doc. 3). For the reasons set forth below, the court recommends that plaintiff's motion to proceed in forma pauperis (**Doc. 3**) be **DENIED** and that this case be dismissed.

### I. Recommendation of Denial of In Forma Pauperis Status.

Proceeding in forma pauperis in a civil case is a privilege, not a right.[1] Under 28 U.S.C. § 1915, a federal court *may* authorize the commencement, prosecution or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means.[2] An affidavit of financial status must be submitted with an application

[1] *Baldwin v. City of Osawatomie, Kan.*, No. 07-1097-WEB, 2007 WL 1652145, at *1 (D. Kan. June 7, 2007) (citing *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir.1998).
[2] *Id*. (citing 28 U.S.C. § 1915(a)(1)).

to proceed in forma pauperis.[3] When considering such an application, the court must neither act arbitrarily nor deny the application on erroneous grounds.[4] But the decision whether to grant or deny in forma pauperis status under section 1915 lies within the sound discretion of the court.[5]

The court has reviewed plaintiff's affidavit of financial status and concludes that plaintiff does not qualify to proceed without payment of fees. Plaintiff receives monthly Social Security benefits as well as income from part-time employment. His affidavit reflects that he earns approximately $369 per month more than he expends, and his reported expenditures include a $250 monthly payment on a Visa account. However, the affidavit (filed on June 11, 2015) notes that the balance on the Visa at that time was $350, which leads to a conclusion that the Visa debt may be paid, freeing additional disposable income. Plaintiff reports no other debts and an unencumbered vehicle with an estimated value of $2,500. Additionally, he discloses that he has $800 in cash on hand. He lists no spouse or dependents who depend on him for support.

The court notes that this is the fourth case filed by plaintiff before this court[6] and the second filed this year against the same defendant (*see Snider v. Burton*, No. 15-1043-JTM-KGG). In at least two previous cases, plaintiff has availed himself of the

---

[3] *Id*. (citing 28 U.S.C. § 1915(a)(1)).

[4] *Id*. (citing *Buggs v. Riverside Hospital*, No. 97–1088, 1997 WL 321289, at *1 (D. Kan. April 9, 1997).

[5] *Id*. (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. 1999)).

[6] *See Snider v. Developmental Svcs*., No. 96-1335-JTM (filed Sept. 10, 1996; terminated May 8, 1997 on stipulation of the parties); *Snider v. Yates*, No. 13-1330-RDR-KGG (filed Sept. 5, 2013 and terminated Aug. 27, 2014 after settlement between the parties; plaintiff's pro se appeal dismissed by the 10th Circuit on Oct. 23, 2014); and *Snider v. Burton*, No. 15-1043-JTM-KGG (filed Feb. 17, 2015 and dismissed March 30, 2015 for lack of subject matter jurisdiction and for failure to state a claim for relief).

opportunity to proceed without the payment of fees.[7] Yet the fact that he has previously proceeded in forma pauperis does not bind this court to allow repeated filings at no cost to plaintiff when it appears from his financial affidavit that he is able to pay the fee and his claims appear to lack merit (*see* discussion *infra* Part II).

However, the magistrate judge does not have the authority under 28 U.S.C. § 636 to deny plaintiff's motion to proceed without payment of fees.[8] Accordingly, the undersigned magistrate judge issues this report and recommendation that plaintiff's motion to proceed without payment of fees be denied for the reasons state above.

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion to proceed without payment of fees (**Doc. 3**) be **DENIED**.

## II. Recommendation of Dismissal Based on Sufficiency of Complaint.

Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

On February 17, 2015, plaintiff filed his first lawsuit against defendant Amy Burton in Case No. 15-1043-JTM-KGG. In that case, U.S. Magistrate Judge Kenneth

[7] *See Snider v. Yates*, No. 13-1330-RDR-KGG (Memorandum and Order, Doc. 4); and *Snider v. Burton*, No. 15-1043-JTM-KGG (Memorandum and Order, Doc. 5).

[8] *See Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005) (the denial of plaintiff's motion to proceed in forma pauperis is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).

Gale recommended dismissal because plaintiff provided "no factual allegations whatsoever regarding any civil rights violation" and therefore failed to "even approach the minimal requirements of Fed. R. Civ. P. 8(a)." Plaintiff provided no statement of a claim showing he was entitled to relief and no grounds upon which the court might exercise jurisdiction.[9] After plaintiff failed to submit a timely objection to Judge Gale's Report and Recommendation, Chief Judge J. Thomas Marten adopted the report and dismissed the case.[10]

With the exception of plaintiff's updated address and the new date written on the signature page, plaintiff's Complaint in the current action is *identical* to his Complaint in Case No. 15-1043-JTM-KGG. Plaintiff provides no factual allegations regarding an alleged civil rights violation, no statement of a claim showing entitlement to relief, and no grounds upon which this court may exercise its limited jurisdiction. Therefore, the undersigned magistrate judge recommends that this case be dismissed for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.

**IT IS THEREFORE RECOMMENDED** that plaintiff's Complaint be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that a copy of these recommendations shall be mailed to plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R.

[9] *Snider v. Burton*, No. 15-1043-JTM-KGG (Report and Recommendation, Doc. 6, filed Mar. 2, 2015).

[10] *Id*. (Mem. and Order, Doc. 9, filed Mar. 30, 2015).

Civ. P. 72(b), the plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[11]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 11th day of August 2015.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

[11] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).