IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VAUGHN SNIDER,

    Plaintiff,

v.                                              Case No. 6:15-CV-1182-JTM-GEB

AMY BURTON,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court upon the Report and Recommendation filed by the United States Magistrate Judge (Dkt. 6), which denied plaintiff's request to proceed *in forma pauperis*, and recommended the undersigned dismiss the action pursuant to 28 U.S.C. § 1915(e)(2).

With regard to plaintiff's motion to proceed *in forma pauperis*, the Magistrate Judge noted that plaintiff receives monthly Social Security benefits as well as income from part-time employment. His affidavit reflects that he earns approximately $369 per month more than he expends, and his reported expenditures include a $250 monthly payment on a Visa account. However, the same affidavit noted that the balance on the account was $350, which led the Magistrate to the conclusion that the Visa debt could be paid, freeing additional disposable income. Dkt. 6, at 2. Furthermore, plaintiff reported no other debts and an unencumbered vehicle with an estimated value of $2,500. Plaintiff also disclosed that he had $800 in cash on hand and has no spouse or dependents. Dkt. 6, at 2. The Magistrate therefore recommended that plaintiff's motion to proceed *in forma pauperis* be denied.

In response to the Report and Recommendation, plaintiff filed an Objection on August 18, 2015 (Dkt. 9) citing medical issues and his need to travel to see specialists to treat these issues. Dkt. 9. Plaintiff also stated that he recently moved, thereby encumbering additional expenses such as rent, utilities, food, travel, moving, and medical insurance. Dkt. 9. He therefore renewed his request to proceed *in forma pauperis*.

Upon examination of plaintiff's Affidavit of Financial Status, filed on June 11, 2015, the court notes that plaintiff lists his address as being in Hays, Kansas. Therefore, nothing has changed since the Magistrate's consideration of this motion. Accordingly, the court adopts the Report and Recommendation with regard to plaintiff's motion to proceed *in forma pauperis*.

This ruling, however, is rendered somewhat moot upon the court's examination of the Magistrate's decision to *sua sponte* dismiss plaintiff's case. Even allowing for a liberal construction of the pro se plaintiff's form Complaint, the Magistrate Judge determined that the Complaint failed to provide any factual allegations regarding an alleged civil rights action, a statement of a claim showing entitlement to relief, or grounds upon which this court may exercise its limited jurisdiction. Dkt. 6, at 4.

The Magistrate Judge noted that the present action is the fourth case filed by plaintiff before this court and the second filed this year against the same defendant. Dkt. 6, at 2. In his first case against this defendant, United States Magistrate Judge Kenneth Gale recommended dismissal because plaintiff provided "no factual allegations whatsoever regarding any civil rights violation" and therefore failed to "even approach the minimal requirements of Fed. R. Civ. P. 8(a)." Dkt. 6, at 4 (citing *Snider v. Burton*, No. 15-1043-JTM-KGG, Report and Recommendation filed Mar. 2, 2015). The current Magistrate noted, in the case presently before the court, that, with the exception of plaintiff's updated address and the new date written on the

signature page, plaintiff's Complaint is *identical* to his complaint in his previous case against this defendant. Dkt. 6, at 4. She therefore recommended dismissal.

Plaintiff has failed to submit any timely objection to the Report and Recommendation with respect to the dismissal of his case. As noted above, plaintiff has filed an Objection (Dkt. 8), but this only references the Magistrate's recommendation that his motion to proceed *in forma pauperis* be denied. The filing presents no objection to the Magistrate Judge's determination that the Complaint is so devoid of allegations of fact that dismissal is warranted.

It should be noted that, on the same date, plaintiff filed a nearly identical statement labeled as a Motion for Reconsideration. Dkt. 10. The one difference between this motion and plaintiff's filed Objections is that plaintiff also asks this court to reconsider allowing him to submit his video evidence to the court on the grounds that the video "will clear [his] name and make [him] the honest person [he] is." Dkt. 10. Given this court's adoption of the Report and Recommendation dismissing this case in its entirety for the reasons shown above, plaintiff's Motion for Reconsideration (Dkt. 9) is denied.

For good cause shown and pursuant to D. Kan. R. 72.1.4, the Report and Recommendation (Dkt. 6) is hereby adopted, and the present action is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Reconsideration (Dkt. 9) is denied.

**IT IS SO ORDERED**, this 27th day of August, 2015.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE